UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LEONARDO TRULSEN DE OLIVEIRA,

           Petitioner,

v.

I. JACQUEZ,

           Respondent.

CASE NO. 2:23-cv-00104-JLR-BAT

**REPORT AND RECOMMENDATION**

      In January 2023, Petitioner filed a 28 U.S.C. § 2241 habeas petition seeking from release from the Bureau of Prisons (BOP). Dkt. 1. Petitioner contended the BOP had incorrectly denied him application of First Step Act Time credits, he is entitled to these time credits, and that he should be released no later than February 15, 2023. Dkt. 1. The Court ordered the habeas petition served and on February 27, 2023, Respondent filed a response suggesting the Court dismiss the habeas petition as moot because Petitioner was released from BOP custody on February 14, 2023. Dkt. 8. Petitioner has not replied to or objected to the suggestion of dismissal, and the matter which is noted for March 24, 2023, is thus ready for the Court's review.

      This Court has jurisdiction over Petitioner's § 2241 petition because at the time it was filed, Petitioner was in the custody of the BOP. The fact Petitioner has since been released from BOP custody does not automatically render the petition moot if a justiciable case or controversy

REPORT AND RECOMMENDATION - 1

remains. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78 (1990) (Article III "case or controversy" requirement applies throughout all stages of judicial proceedings). The "case or controversy" requirement is met when a petitioner "'[has] suffered, or [is] threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citation omitted). Here, Petitioner's release from BOP custody leaves no collateral consequence the Court can redress because Petitioner's release is the entirely of the relief that Petitioner has sought. There is thus no justiciable case or controversy before the Court. Petitioner, who is represented by counsel, has not replied to the suggestion the matter be dismissed.

Because the Court cannot provide any further relief sought by Petitioner in his habeas petition, the Court recommends the matter be dismissed without prejudice as moot.

## OBJECTIONS

Any objection to this recommendation must be filed and served upon all parties no later than **April 7, 2024.** The Clerk should note the matter for **April 7, 2023**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. The failure to timely object may affect the right to appeal.

DATED this 24th day of March, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 2